IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADAM THOMAS PARNELL, | * |
| Plaintiff | * |
| vs. | *  CIVIL ACTION NO.22-00046-KD-B |
| TRADER'S HILL BOAT HOLDINGS, LLC, *et al.*, | * |
| Defendants. | * |

## ORDER

This action is before the Court on Plaintiff Adam Thomas Parnell's Motion to Compel, and Defendants' response in opposition. (Docs. 38, 39). At the Court's directive, Defendants submitted to chambers for an in-camera review, the recorded statement of Robert Dobson. Upon review, the undersigned finds that while the statement may aid in litigation, it was taken in the ordinary course of evaluating Plaintiff's insurance claim. Accordingly, Defendants are directed to produce said statement.

"[T]he scope of protection provided by the work product doctrine is a procedural question and thus governed by federal as opposed to state law in a diversity action." Camacho v. Nationwide Mut. Ins. Co., 287 F.R.D. 688, 694 (N.D. Ga. 2012). "Rule 26(b)(3)(A)(ii) protects from discovery documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or

1

agent) unless the requesting party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Id. (citation and punctuation omitted).

> Insurance claim files generally do not constitute work product in the early stages of investigation, when the insurance company is primarily concerned with deciding whether to resist the claim, to reimburse the insured and seek subrogation . . . or to reimburse the insured and forget about the claim thereafter. . . . [C]laim files straddle both ends of this definition, because it is the ordinary course of business for an insurance company to investigate a claim with an eye toward litigation. Once litigation is imminent, however, the claims investigation file is maintained "in anticipation of litigation" and its contents are protected by the work product doctrine.

Id. at 694 (citations omitted). Indeed, the work product doctrine was not intended to protect from general discovery materials prepared in the ordinary course of business [.]" Cutrale Citrus Juices USA, Inc. v. Zurich Am. Ins. Grp., 2004 U.S. Dist. LEXIS 22487, 2004 WL 5215191, *2 (M.D. Fla. 2004); Peacock v. Merrill, 2008 U.S. Dist. LEXIS 24104, 2008 WL 762103, *3 (S.D. Ala. Mar. 19, 2008). "Documents prepared for other purposes that prove useful in subsequent litigation are not attorney work-product." Louisiana Municipal Police Employees Retirement System v. Sealed Air Corp., 253 F.R.D. 300, 307 (D.N.J. 2008). The fact that the content of a document might later be useful in litigation does not make it protected work product. See, e.g., Bridgewater v.

Carnival Corp., 286 F.R.D. 636, 644 (S.D. Fla. 2011).  Thus, in applying Rule 26 (b)(3), a Court's "first task is to determine which documents were produced 'in anticipation of litigation.' For documents that were produced in anticipation of litigation, the second issue is whether [a movant] can show 'substantial need' and an inability to obtain the materials by other means." Underwriters Ins. Co. v. Atlanta Gas Light Co., 248 F.R.D. 663, 667 (N.D. Ga. 2008).  "Even as to documents for which [a movant] can show substantial need, documents containing the 'mental impressions, conclusions, opinions or legal theories of an attorney or other representative must' receive additional (if not complete) protection." Id. (citations omitted).

  In this case, Plaintiff alleges that in November 2020, he became ill while working onboard the M/V Trader's Hill, and that he retained counsel to assist him in securing his maintenance and cure benefits. Plaintiff's counsel arranged for Plaintiff and his fiancée to be interviewed by Karen Songdahl with Nautilus Investigations in January 2021. (Doc. 38-2).  In investigating Plaintiff's crew injury claim, Ms. Songdahl also interviewed Robert William Dobson, who served as the captain of the vessel, on January 25, 2021.  (Id.).  Plaintiff alleges, and Defendants do not dispute that Plaintiff began receiving his benefits [shortly after the interviews] in February 2021 and that this lawsuit was filed in February 2022.  Under the circumstances, the undersigned

3

finds that these statements taken by Ms. Songdahl early in the claims review process, are akin to a claim file generated for the primary purpose of evaluating Plaintiff's claim for maintenance and cure benefits, and as such, they do not constitute attorney work product even though they may prove helpful in the instant litigation that ensued nearly a year later. Accordingly, Defendants are directed to produce the recorded statement of Captain Robert Dobson no later than **March 17, 2023.**

**ORDERED** this **15th** day of **March, 2023.**

                                                           /s/ SONJA F. BIVINS
                                            **UNITED STATES MAGISTRATE JUDGE**